**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C., ) <br> an Illinois Limited Liability Company, ) <br>       Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> ) <br> NEC CORP., a Japanese Corporation; ) <br> NEC CORPORATION OF AMERICA, ) <br> a Delaware Corporation, ) <br>       Defendants. ) | No. _____ <br><br> (Jury Trial Demanded) <br><br> FILED: JUNE 11, 2009 <br> 09CV3558 <br> JUDGE COAR <br> MAGISTRATE JUDGE NOLAN <br> CH |

## COMPLAINT

Plaintiff Helferich Patent Licensing, L.L.C. ("HPL") complains against defendants NEC Corp. and NEC Corporation of America (collectively, the "defendants") as follows:

1. This action arises under the Patent Laws of the United States, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. § 1338(a).

2. HPL is an Illinois limited liability company and the exclusive licensee of a portfolio of patents duly and legally issued to Richard J. Helferich for the inventions claimed therein, and relating to wireless communication and messaging and the provision of media and content to wireless subscribers. Relevant issued patents include (collectively, the "Subject Patents"):

- U.S. Patent No. 7,499,716, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued on March 3, 2009;

- U.S. Patent No. 7,403,787, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on July 22, 2008;

- U.S. Patent No. 7,376,432, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on May 20, 2008;

- U.S. Patent No. 7,280,838, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued October 9, 2007;

- U.S. Patent No. 7,277,716, titled "Systems and Methods for Delivering Information to a Communication Device," issued October 2, 2007;

- U.S. Patent No. 7,242,951, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued July 10, 2007;

- U.S. Patent No. 7,155,241, titled "Systems and Methods for Enabling a User of a Communication Device to Manage Remote Information," issued December 26, 2006;

- U.S. Patent No. 7,146,157, titled "Systems and Methods for Downloading Audio Information to a Mobile Device," issued December 5, 2006;

- U.S. Patent No. 7,039,428, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued May 2, 2006;

- U.S. Patent No. 7,003,304, titled "Paging Transceivers and Methods for

Selectively Retrieving Messages," issued February 21, 2006;

- U.S. Patent No. 6,983,138, titled "User Interface for Message Access," issued January 3, 2006;

- U.S. Patent No. 6,826,407, titled "System and Method For Integrating Audio and Visual Messaging," issued November 30, 2004;

- U.S. Patent No. 6,696,921, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communications System," issued February 24, 2004;

- U.S. Patent No. 6,636,733, titled "Wireless Messaging Method," issued October 21, 2003;

- U.S. Patent No. 6,462,646, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communication System," issued October 8, 2002;

- U.S. Patent No. 6,459,360, titled "Networks, Communication Systems, Transmitting and Receiving Devices, and Methods for Transmitting, Receiving, and Erasing Stored Information," issued October 1, 2002;

- U.S. Patent No. 6,259,892, titled "Pager Transceivers and Methods for Performing Action on Information at Desired Times," issued July 10, 2001;

- U.S. Patent No. 6,253,061, titled "Systems and Methods for Delivering Information to a Transmitting and Receiving Device," issued June 26, 2001;

- U.S. Patent No. 6,233,430, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued May 15, 2001;

- U.S. Patent No. 6,097,941, titled "User Interface for Voice Message Access," issued August 1, 2000; and

- U.S. Patent No. 6,087,956, titled "Paging Transceivers and Methods for Selectively Erasing Information," issued July 11, 2000.

3. HPL is also the exclusive licensee of a portfolio of patent applications naming Richard J. Helferich as inventor relating to wireless communication and messaging. The relevant pending applications include (collectively, the "Subject Applications"):

- U.S. Patent Application No. 12/267,453, titled "Wireless Messaging System,"

- U.S. Patent Application No. 12/367,358, titled "Content provision to subscribers via wireless transmission,"

- U.S. Patent Application No. 12/167,971, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

- U.S. Patent Application No. 11/635,781, titled "Paging Transceivers and Methods for Selectively Retrieving Messages;"

- U.S. Patent Application No. 11/598,832, titled "Systems and Methods for Downloading Information to a Mobile Device;"

- U.S. Patent Application No. 11/598,202, titled "Wireless Messaging

System;"

- U.S. Patent Application No. 11/105,441, titled "Systems and Methods for Adding Information to a Directory Stored in a Mobile Device;" and

- U.S. Patent Application No. 10/958,731, titled "System and Method for Integrating Audio and Visual Messaging."

4. As exclusive licensee of all right, title, and interest in the Subject Patents, HPL may seek monetary damages, injunctions, and other relief pursuant to 35 U.S.C. § 271 for past, current, and future infringement of the patents.

5. Defendant NEC Corp. is a corporation established under the laws of Japan and is based in Tokyo, Japan. NEC Corporation of America is a corporation established under the laws of Delaware and based in Texas, and is a wholly owned subsidiary of NEC Corp. NEC Corp., including through its subsidiary NEC Corporation of America, manufactures or sells mobile wireless communication devices such as cellular telephones, including selling or offering to sell such devices (including the accused devices listed below) within this judicial district and by conducting other business within this judicial district or elsewhere in the United States that impacts this jurisdiction.

6. Specifically, defendants have caused infringing devices to be sold in the Northern District of Illinois by delivering such devices into the stream of commerce with the expectation that they will be purchased by consumers within this district, including but not limited to, through defendants' relationship with CompUSA, an electronics distributor with an office in Naperville, Illinois. Accordingly, venue is appropriate in this District under 28 U.S.C. §§ 1391(c) and 1400(b), and personal jurisdiction is established,

because both defendants reside in this district and based upon acts of infringement in this district.

7. As detailed below, within the six years preceding the filing or this action, the defendants violated 35 U.S.C. § 271 and caused HPL damage in an amount to be proven at trial by manufacturing, using, selling or offering for sale within United States mobile wireless communication devices that infringe one or more of the following patent claims: claims 1, 2, 51, and 52 of the '716 Patent; claims 1-5, 7-11, 14-18, 20-23, 29, and 30 of the '432 Patent; claims 7 and 8 of the '838 Patent; claims 1-5 of the '157 Patent; claims 1-3, 10-12, 25, 30, 33, and 34 of the '304 Patent; claims 1, 4, 5, 39, 40, and 42 of the '138 Patent; claims 1-4, 9-12, 14, 16-19, 28, 32, 34, 35, 37, 42, 43, 45, 51, and 53 of the '430 Patent; claims 1, 3, 5, 6, 13, 14, and 16 of the '941 Patent; and claims 44, 52, 53, 61, 154, 155, 157, 160, and 161 of the '956 Patent, and likely others as determined through discovery and as additional patents issue (the "Asserted Claims).

8. Within the six years preceding the filing of this action, NEC Corp. and its subsidiaries infringed at least the Asserted Claims by manufacturing, using, selling or offering for sale within the United States devices that provide MMS or SMS and web browsing features (and combinations thereof) including one or more of the following models: e132, N830, N908, 804N, N200, N930, N940, e373, N500iS, N500, e949/L1, N938, e636, e1108, e616, N630, N840, N343i, N344i, e228, N923, e540/N411i, N600i, e808, e313, N900, e122, N910, e353, N820, 802, N100, N500i, N900iG, e121, N700, N920, e808y, N850, N610, N160, e606, e238, c616v, e101, N342i, e338, N150, N110, N109, N401i, N341i, N600, N750, N400i, N331i, N410i, N620, e525, e232, e530.

6

9. On or about April 14, 2009, HPL gave written notice to NEC Corp. and NEC Corp. of America of the Asserted Claims. The letter provided NEC Corp. and NEC Corp. of America with a detailed description of the Asserted Claims, as well as claim infringement charts demonstrating the manner in which the Asserted Claims were infringed by NEC Corp. products. HPL received no response to its notice letter.

10. To date, and in response to HPL's invitation, several of the world's largest device suppliers, manufacturers, and sellers have negotiated and signed substantial licensing agreements with HPL including: Microsoft, HTC, Research in Motion, Samsung, LG Electronics, Casio-Hitachi, Sony-Ericsson, Pantech, ZTE, Asustek, and I-Mate.

11. Notwithstanding HPL's licensing success, and the specific and numerous infringement contentions asserted against the defendants, NEC Corp. and its subsidiary NEC Corporation of America refuse to acknowledge infringement (past and current), and to enter into licensing agreements with HPL.

12. Thus, defendants, with actual knowledge of the Asserted Claims and without lawful justification, willfully and deliberately infringed, and continue to infringe, the Asserted Claims.

WHEREFORE, for the foregoing reasons, Helferich Patent Licensing, L.L.C., prays for:

(a) Judgment on the Complaint that defendants have infringed, contributed to the infringement of, or actively induced others to infringe U.S. Patent Nos. 7,499,716, 7,376,432, 7,280,838, 7,146,157, 7,003,304, 6,983,138, 6,233,430, 6,097,941, and 6,087,956 (hereinafter the "Asserted Patents").

(b) A permanent injunction to be issued enjoining and restraining defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with them, and each of them, from making, using, selling, offering for sale, or importing any products which fall within the scope of any or all claims of the Asserted Patents, and from inducing or contributing to the infringement of any such claims by others;

(c) An award of damages against defendants adequate to compensate HPL for past infringement of the Asserted Patents, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

(d) Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that HPL is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

(e) Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 11th day of June, 2009.

                LAW OFFICES OF STEVEN G. LISA, LTD.


                By:   */s/ Jon E. Kappes*
                   Jon E. Kappes
                   Attorney for Plaintiff


Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)

Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C., ) <br> an Illinois Limited Liability Company, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> NEC CORP., a Japanese Corporation; ) <br> NEC CORPORATION OF AMERICA, ) <br> a Delaware Corporation ) <br> Defendants. ) | No. _____ <br><br> (Jury Trial Demanded) |

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in this lawsuit.

RESPECTFULLY SUBMITTED this 11th day of June, 2009.

                                        LAW OFFICES OF STEVEN G. LISA, LTD.

                                        By: */s/ Jon E. Kappes*
                                              Jon E. Kappes
                                              Attorney for Plaintiff

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956